

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-89,095-02

**EX PARTE JUAN JOSE LOPEZ JR., Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2013CRN001341 D2 (B) IN THE 111TH DISTRICT COURT FROM WEBB COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder, aggravated kidnapping, and engaging in organized criminal activity and sentenced to fifty, seventeen, and ten years' imprisonment, respectively. The Thirteenth Court of Appeals affirmed his convictions. *Lopez v. State*, No. 13-14-00733-CR (Tex. App.—Corpus Christi-Edinburg Mar. 9, 2017) (not designated for publication).

Applicant contends, among other things, that false evidence contributed to his convictions. Specifically, he argues that after the trial, the State's forensic expert changed her conclusion that

Applicant could not be excluded as a contributor of DNA to a blood-stained 2x4.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the expert's DNA testimony gave the jury a false impression and, if so, whether there is a reasonable likelihood the false testimony influenced the judgment of the jury. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 15, 2019
Do not publish